UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN OF RANDOLPH,<br><br>    Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P. d/b/a PURDUE PHARMA (DELAWARE) LIMITED PARTNERSHIP, ET AL.<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 19-cv-10813-ADB<br>*<br>*<br>*<br>*<br>* |

## **MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND**

BURROUGHS, D.J.

Before the Court is Plaintiff Town of Randolph's ("Plaintiff" or "Town of Randolph") motion to remand. [ECF No. 14]. For the reasons set forth below, Plaintiff's motion to remand is <u>GRANTED</u>. Accordingly, this action is remanded to the Massachusetts Superior Court for Norfolk County ("Superior Court").

## I.  BACKGROUND

On March 22, 2019, the Town of Randolph filed an action in Superior Court alleging a variety of state law claims against Defendants,[1] all related to the prescribing of opioid

---

[1] The Defendants in this action are Purdue Pharma L.P. d/b/a Purdue Pharma (Delaware) Limited Partnership; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Collegium Pharmaceutical, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Endo Health Solutions, Inc.; Endo Pharmaceuticals, Inc.; Allergan PLC f/k/a Actavis PLC; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Mallinckrodt PLC; Mallinckrodt LLC; Insys Therapeutics, Inc.; McKesson Corporation; Cardinal Health, Inc.; Amerisource Bergen Drug Corporation; CVS Health Corporation; CVS Pharmacy, Inc.; Rite Aid Corporation; Rite Aid of Massachusetts, Inc.; Walgreens Boots Alliance, Inc.; Walgreen Eastern Co., Inc.; Walgreens Mail Service, L.L.C.; Walgreens Of Massachusetts, L.L.C.; Walgreens Specialty Pharmacy, L.L.C.; Walmart, Inc.; Wal-Mart.Com

medications.  See [ECF No. 1-1 ("Complaint" or "Compl.")].  Defendants are corporate entities and individuals involved in the manufacture and distribution of opioid medications.  See [id. ¶¶ 3, 14].  The Complaint, in seven counts, alleges public nuisance, common law fraud, negligent misrepresentation, negligence, violations of Massachusetts General Laws ch. 93A, § 11 ("Chapter 93A"), unjust enrichment, and civil conspiracy and seeks $10,000,000 in damages. [Id. ¶¶ 517–81; id. at 192].  The damages sought are for "municipal expenditures" resulting from the opioid epidemic, including the costs of providing health, social, and law enforcement services to residents of the Town of Randolph as well as related costs from decreased tax revenue and diminished property values.  See [id. ¶¶ 448–516; id. at 192].

On April 22, 2019, Defendant CVS Health Corporation ("CVS") removed this action pursuant to the Class Action Fairness Act ("CAFA").[2]  [ECF No. 1 at 1 (citing 28 U.S.C. §§ 1332(d)(2), 1453)].  The notice of removal asserted that the action "is removable under CAFA because the lawsuit is essentially a class action lawsuit, litigation of this case in federal court promotes CAFA's overall purpose, and CAFA's statutory requirements are satisfied."  [Id. at 2].

On May 2, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order conditionally transferring this action into the national opioid multidistrict litigation administered by Judge Dan A. Polster of the Northern District of Ohio

---

USA L.L.C.; Wal-Mart Stores East, Inc.; Wal-Mart-Stores East, L.P.; John Kapoor; Richard Sackler; Theresa Sackler; Kathie Sackler; Jonathan Sackler; Mortimer D.A. Sackler, Beverly Sackler; David Sackler; and, Ilene Sackler Lefcourt.  [Compl. at 1–2].

[2] The following defendants had previously stipulated that they would not seek to remove the action to federal court: Rite Aid Corporation; Rite Aid of Massachusetts, Inc.; Walmart, Inc.; Wal-Mart.Com, USA L.L.C.; Wal-Mart Stores East, Inc.; Wal-Mart Stores East, L.P.; Walgreens Boots Alliance, Inc.; Walgreens Eastern Co., Inc.; Walgreens Mail Service, L.L.C.; Walgreens Of Massachusetts, L.L.C.; Walgreens Specialty Pharmacy, L.L.C.  [ECF No. 26-5 at 79–82].

("MDL"). [ECF No. 14-2]. It is anticipated that the JPML will make a final decision on transfer at its upcoming session on July 25, 2019 following briefing on the Plaintiff's motion to vacate the conditional transfer order. See [ECF No. 28-1 at 3–4 (providing JPML briefing schedule)].

On May 2, 2019, Plaintiff filed an emergency motion to remand the case to Superior Court on the ground that this Court lacks subject-matter jurisdiction over this action. See [ECF No. 14]. CVS opposes remand and filed a motion to stay on May 3, 2019 in which it argued for a temporary stay pending a decision from the JPML on transfer. See [ECF Nos. 17, 28]. Plaintiff opposed the motion to stay on May 10, 2019. [ECF No. 27].[3]

## II. LEGAL STANDARD

A defendant seeking removal bears the burden of showing that the federal court has jurisdiction. See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Here, CVS argues that this Court has federal question jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(d)(2), which grants district courts original jurisdiction over class actions meeting four statutory requirements. See [ECF No. 1 ¶¶ 16–31]. First, to be removable under § 1332(d)(2), an action must be a "class action," which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Second, there must be minimal diversity among the parties. Id. § 1332(d)(2). Third, the aggregated claims of individual class members must exceed

---

[3] CVS's motion to stay [ECF No. 17] is denied as moot in light of the Court's adjudication of the motion to remand. If the Court had addressed the merits of the stay motion, it would have denied it for substantially the same reasons as articulated by Judge Hillman in Worcester v. Purdue Pharma, No. 18-cv-11958-TSH (D. Mass.). See [ECF No. 14-6 at 4–5 (observing that "a preliminary evaluation of jurisdiction may in fact better serve judicial economy" than awaiting a decision on transfer from the JPML where the absence of jurisdiction is clear)].

$5 million, id. § 1332(d)(2), (6), and fourth, the proposed class must contain 100 or more members, id. § 1332(d)(5).

**III.    DISCUSSION**

The parties agree that the Complaint was not filed pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") or the Commonwealth's analogous rule, Massachusetts Rule of Civil Procedure 23, and dispute only whether any of the causes of action in the Complaint invoke a "similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." See 28 U.S.C. § 1332(d)(1)(B); [ECF No. 1 ¶¶ 16–23; ECF No. 14 at 14–15].

CVS contends that "this case essentially is a class action" despite the fact that "Plaintiff has not alleged a putative class action on the face of its Complaint." [ECF No. 1 ¶ 17]. CVS interprets Plaintiff to be "acting as a representative for a class of residents who were allegedly harmed, either directly or indirectly, by Defendants' purported misconduct." [Id. ¶ 21]. CVS supports its argument with caselaw holding that "where a lawsuit 'resembl[es] a class action' by asserting claims both individually and on behalf of others, CAFA removal has been found proper." [Id. ¶ 20 (quoting Badeaux v. Goodell, 358 F. Supp. 3d 562, 567 (E.D. La. 2019))].

Plaintiff responds that the instant action cannot qualify as a class action under § 1332(d) because the statute under which the action was brought, Chapter 93A, is not a "similar State statute." See 28 U.S.C. § 1332(d)(1)(B); [ECF No. 14 at 14–15]. Plaintiff further argues that it would not be possible for it to bring a class action under Chapter 93A on behalf of the Town of Randolph's residents because the injuries suffered by Plaintiff differ from the injuries suffered by its residents. [ECF No. 14 at 15].

The only statutory claim in the Complaint, brought under Chapter 93A, alleges that certain of the Defendants made "false, misleading, and deceptive statements . . . to prescribers,

4

consumers, payors, and Plaintiff," "engaged in false, untrue, and misleading marketing . . . . with the intent that the Town of Randolph and its residents would rely on" the false statements, and should have reasonably foreseen that "such reliance would result in the use of opioid prescriptions . . . that would cause death or severe harm to users and harm to the Town." [Compl. ¶¶ 568–73]. The alleged damages are losses sustained by the Town of Randolph. See [id. ¶ 573 (alleging that the Town of Randolph has "sustained ascertainable losses as a direct and proximate result" of certain of Defendants' unfair and deceptive business practices). The Town of Randolph states in the Complaint that it "brings this action on its own behalf and as *parens patriae* in the public interest on behalf of its residents." [Id. ¶ 45].

By its terms, Chapter 93A, which targets unfair and deceptive acts and practices, permits representative actions:

> Any persons entitled to bring such action [under ch. 93A, § 11] may, if the use or employment of the unfair method of competition or the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons; the court shall require that notice of such action be given to unnamed petitioners in the most effective, practicable manner. Such action shall not be dismissed, settled or compromised without the approval of the court, and notice of any proposed dismissal, settlement or compromise shall be given to all members of the class of petitioners in such a manner as the court directs.

Mass. Gen. Laws. ch. 93A, § 11. Because Chapter 93A clearly allows representative actions, or "an action . . . brought by 1 or more representative persons as a class action," the Court must determine whether it also is "similar" to Rule 23. See 28 U.S.C. § 1332(d)(1)(B).

To certify a class action under Rule 23, a plaintiff must demonstrate the following: that "the class is so numerous that joinder of all members is impracticable," that " there are questions of law or fact common to the class," that "claims or defenses of the representative parties are typical of the claims or defenses of the class," and that "the representative parties will fairly and

5

adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition, a plaintiff who meets these threshold requirements must also demonstrate that he or she seeks to represent one of the three types of class actions delineated in Rule 23(b). Fed. R. Civ. P. 23(b). The most common class action type requires a court finding "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." See Fed. R. Civ. P. 23(b)(3).

The question of whether Chapter 93A is "similar" to Rule 23 for purposes of 28 U.S.C. § 1332(d)(1)(B) has not been squarely addressed by the First Circuit. Since CAFA was enacted other courts in this district have been faced with remand motions in removed cases involving Chapter 93A claims, but the issue presented has typically concerned the amount-in-controversy requirement of CAFA. See, e.g., Williams v. Am. Honda Fin. Corp., 14-cv-12859-LTS, 2014 WL 5494914 (D. Mass. Oct. 30, 2014); Gomes v. Midland Funding, LLC, 839 F. Supp. 2d 417 (D. Mass. 2012); Mack v. Wells Fargo Bank, N.A., 11-cv-40020-FDS, 2011 WL 1344194 (D. Mass. Apr. 8, 2011). Historically, the complaints in these cases clearly identified the suit as a class action, but did not necessarily proceed expressly under Massachusetts Rule of Civil Procedure 23. See, e.g., Compl., Williams, No. 14-cv-12859-LTS (D. Mass. July 3, 2014), ECF No. 1-3; Compl., Gomes, No. 11-cv-11053-NMG (D. Mass. June 13, 2011), ECF No. 1-1; First Am. Compl., Mack, No. 11-cv-40020-FDS (D. Mass. Jan. 24, 2011), ECF No. 1-4.

In cases since 2014, however, seemingly most of the cases removed under CAFA have expressly proceeded under both Chapter 93A and Massachusetts Rule of Civil Procedure 23, thus eliminating the "similar State statute" inquiry the Court faces here. See, e.g., Compl., Craw v. Hometown Am., LLC, No. 18-cv-12149-LTS (D. Mass. Oct. 15, 2018), ECF No. 1-1; Compl.,

Garick v. Mercedes-Benz USA, LLC, No. 17-cv-12042-IT (D. Mass. Oct. 18, 2017), ECF No. 1-1; Compl., Isaac v. Ashley Furniture Indus., Inc., No. 17-cv-11827-RGS, at *1 (D. Mass. Sept. 22, 2017), ECF No. 1-1.  The Court attributes some of this change in practice to the Massachusetts Supreme Judicial Court ("SJC") decision in Bellermann v. Fitchburg Gas & Electric Light Co., 18 N.E.3d 1050 (Mass. 2014), which identified critical differences between the requirements for Chapter 93A and Rule 23 class actions.  18 N.E.3d 1050, 1059–60 (Mass. 2014).

In Bellermann, the SJC compared the requirements of class certification under Chapter 93A and Rule 23 and observed that:

> Although the requirements of [Federal R]ule 23(a) provide a "useful framework" for considering class certification under G.L. c. 93A, the similarity requirements of the rule do not equate with the requirement of G.L. c. 93A that the plaintiffs be "similarly situated" and have suffered a "similar injury" as members of the class they seek to represent. The class action provisions of G.L. c. 93A also have "a more mandatory tone" than does rule 23 in that they omit the predominance and superiority elements of rule 23(b), but a judge retains some discretion to consider these factors in determining whether putative class members are "similarly situated" and have suffered a "similar injury."

Id. (internal citations omitted).  The SJC's interpretation of the requirements of Chapter 93A controls.  See Needleman v. Bohlen, 602 F.2d 1, 3 (1st Cir. 1979) ("We, of course, are bound by the SJC's rulings on Massachusetts law.").  Accordingly, the Court concludes that under Bellermann, this Chapter 93A action was not brought under a "similar State statute" to Rule 23 for purposes of removal under CAFA because, although Chapter 93A shares some similar language with Rule 23, it deviates in what is required for class certification.

Furthermore, even if the Court were to conclude that the class action provisions of Chapter 93A were sufficiently similar to Rule 23, Plaintiff has not attempted to invoke the class action provisions of Chapter 93A.  See [Compl. ¶ 45].  This case is not a lawsuit that

7

"resembl[es] a class action" by asserting claims both individually and on behalf of others. See Badeaux, 358 F. Supp. 3d at 567. The Complaint only claims losses suffered by Plaintiff and omits both class-specific allegations and a definition of a proposed class.[4]

Plaintiff further evidences its intention not to proceed as a representative action by bringing this action as *parens patriae*. [Compl. ¶ 45]. CVS correctly observes in its opposition brief that the doctrine of *parens patriae* is not applicable to towns, like Plaintiff, which are political subdivisions of Massachusetts. See [ECF No. 28 at 8–9]; see also Town of Brookline v. Operation Rescue, 762 F. Supp. 1521, 1524 (D. Mass. 1991) ("*Parens patriae* standing is not available to political subdivisions of the state."). CVS does not challenge Plaintiff's standing to bring this action in light of the unavailability of *parens patriae*, but instead reasons that if this action is not a *parens patriae* suit, then it must be a class action. See [ECF No 28 at 10–11 ("But because Plaintiff cannot bring a *parens patriae* suit to vindicate quasi-sovereign interests, this action can only be construed as representative in nature. And the only viable type of representative lawsuit on behalf of a municipality's citizens is a 'class action' as defined by CAFA." (internal citations omitted))]. CVS's reasoning presents a false dichotomy and fails to account for the possibility that Plaintiff may bring a suit under Chapter 93A to recover damage to itself without bringing a class action. See Mass. Gen. Laws ch. 93A, § 11 (stating that those with standing to bring a claim under Section 11 "may . . . bring the action on behalf of himself and such other similarly injured and situated persons" but not requiring it).

---

[4] Because Plaintiff only alleges damages suffered as a municipality, even assuming *arguendo* that removal of Chapter 93A class actions under CAFA was proper and that Plaintiff sought to proceed as a class, there is nothing in the Complaint to suggest that any such class has larger membership than one, which by itself would preclude removal under CAFA. See [ECF No. 14 at 15].

Allowing remand in the instant case is not in contravention of the seven actions CVS identifies in its notice of removal as "resembl[ing]" the instant action and "removed under CAFA and transferred to the Opiate MDL." [ECF No. 1 ¶ 5]. As Plaintiff observes, none of these actions addressed the CAFA claim on the merits. See [ECF No. 14 at 8 nn.11–13]. In three of the actions, the presiding judge, Chief Judge Edmund A. Sargus of the Southern District of Ohio, declined to rule on the merits of the remand motion and deferred the decision to Judge Polster. See [id. at 8 n.11]. In three other actions, two presiding judges chose to stay the cases before them pending the JPML's decision on transfer. See [id. at 8 n.12]. In the seventh action, the case was transferred to the MDL before the plaintiff sought remand. See [id. at 8 n.13].[5]

This Court, squarely presented with the merits of removal under CAFA, concludes that it lacks jurisdiction over this action and that remand, rather than awaiting a decision on transfer from the JPML, is the appropriate course of action as well as the most efficient use of judicial resources.

## IV. CONCLUSION

Accordingly, removal of this action was improper because the Court lacks subject-matter jurisdiction over the claims presented. Plaintiff's motion to remand [ECF No. 14] is, therefore, GRANTED. CVS's motion to stay [ECF No. 17] is DENIED as moot. This action is remanded to the Massachusetts Superior Court for Norfolk County.

---

[5] The fourteen additional cases identified by CVS in the papers submitted with its opposition brief also did not address the CAFA claim on the merits. See [ECF No. 28-6]. Thirteen of these cases were stayed pending a decision on transfer by the JMPL while a motion to remand was pending. See [id.]. One of the cases appears to have been removed to the Northern District of Ohio where it became part of the MDL; no motion to remand was filed. See [id. (listing City of Findlay v. Purdue Pharma L.P., et al., No. 1:18-op-46339 (N.D. Ohio))].

9

**SO ORDERED.**

June 6, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE